UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:13-CR-013 JD |
| | ) | 3:13-CR-109 JD |
| DANIEL HASLAM | ) | 3:17-CV-653 JD |

## OPINION AND ORDER

Defendant Daniel Haslam filed a motion for reconsideration of the order denying his motion under § 2255. Mr. Haslam first attempts to clarify the third claim in his motion, relative to his attorney's advice about the consequences of his guilty plea. Mr. Haslam argues that a mischaracterization of the sentencing consequences of a proposed guilty plea can indicate deficient performance, as can grossly inaccurate predictions of the likely sentence.

However, that is not a tenable claim in this case for a simple reason: Mr. Haslam accepted a plea agreement containing a binding floor of 180 months, and the Court imposed a sentence only one month above that floor. [DE 52]. Regardless of what his attorney told him about the likely sentence, and regardless of what evidence or arguments Mr. Haslam thought the government could raise at sentencing, Mr. Haslam knew that the sentence would be *at least* 180 months. Mr. Haslam confirmed at the change of plea hearing that he understood that 180 months was only the floor, meaning that the Court could impose a sentence above that. [DE 92 p. 20–22 ("The Court: If the Court accepts your plea, then the Court is indicating that it will be bound by that. But you could get more because it says each party is free to recommend a sentence of imprisonment above that. . . . Do you understand that? The Defendant: Yeah.")]. Thus, it is impossible to argue that the sentence of 181 months that the Court imposed was outside of Mr. Haslam's understanding of the potential or likely sentence in this case.

Mr. Haslam also reprises his argument that he misunderstood the government's ability to raise the Sample allegations at sentencing. However, his argument raises nothing that the Court did not address in denying his motion. And for that matter, it raises nothing that the Seventh Circuit did not address when it affirmed his conviction. *United States v. Haslam*, 833 F.3d 840, 842 (7th Cir. 2016) ("[T]he judge properly rejected Haslam's alternative claim that he pleaded guilty unknowingly based on a misunderstanding that the plea agreement contained such a limitation."); *id.* at 846 ("[Haslam] contends that he didn't knowingly enter into the plea agreement because he mistakenly thought that it prevented the government from introducing the Sample evidence. The judge summarily rejected this argument, and rightly so."). As previously explained, Mr. Haslam's statements under oath at the change of plea hearing foreclose his present claim to have pled guilty under the misunderstanding that the government had agreed not to raise the Sample allegations at sentencing.[1] Thus, he suffered no prejudice from any mis-advice from his attorney.

Finally, Mr. Haslam raises a new argument, seeking relief under the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170, 1176–77 (2017). In *Dean*, the Supreme Court held that, when imposing a sentence for convictions under § 924(c) and an underlying offense, a district could does have the authority to reduce the sentence on the underlying offense to account for the mandatory, consecutive sentence that must be imposed on the § 924(c) charge. *Id.* ("Nothing in § 924(c) restricts the authority conferred on sentencing courts . . . to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count."). That

---

[1] And again, the sentence Mr. Haslam received was only one month above the binding floor in the plea agreement. Even assuming Mr. Haslam did not fully understand what evidence would be presented at sentencing, he cannot credibly argue that he would not have pled guilty had he known that he would have received a sentence of 181 months, given that he agreed to a binding floor of 180 months.

decision abrogated decisions by the Seventh Circuit that were in effect at the time of Mr. Haslam's sentencing, which had held to the contrary. *E.g.*, *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007).

Mr. Haslam is not entitled to relief under *Dean*, though, because it had no effect on his sentence. Even if the Court had the authority at sentencing to reduce Mr. Haslam's sentence on the remaining counts in light of the mandatory sentence on the § 924(c) count, the Court would not have done so. First, *Dean* would have had no effect on the Court's decision to accept the plea agreement, which, among other things, called for the government to dismiss a second § 924(c) charge that would have carried a mandatory minimum sentence of 30 years. And second, *Dean* would not have changed the sentence that the Court imposed, only one month above the plea agreement's floor. In reaching the sentence of 181 months, the Court considered all of the § 3553(a) factors, and varied downward from the advisory guideline range to account for those factors. Even in light of *Dean*, the Court believes that that sentence is the appropriate one in light of all of the circumstances of the case. Accordingly, Mr. Haslam is not entitled to relief under § 2255 on that basis.

For those reasons, the Court denies Mr. Haslam's motion [DE 150].

SO ORDERED.

ENTERED:  May 31, 2018

            /s/ JON E. DEGUILIO
            Judge
            United States District Court